UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO TAMAYO,<br><br>　　　Plaintiff,<br><br>　v.<br><br>THE EVEREST PORTAL<br>COLLABORATIVE, LLC et al.,<br><br>　　　Defendants. | Case No. 2:25-cv-10242-SB-AJR<br><br><br>ORDER TO SHOW CAUSE |

Pro se Plaintiff Ramiro Tamayo has been attempting for nearly six months to serve the defendants in this case.  After this Court authorized alternative service, the U.S. Marshal evidently completed service as to three defendants—The Everest Portal Collaborative, LLC, Everest Portal Corporation, and Diego Rodriguez Raymond (the Everest Defendants)—and Plaintiff has requested entry of default against them.  Dkt. No. 94.  As to the remaining two defendants—Dr. Keith "KC" Yarborough and his wife, Julie Ann "Princess" Yarborough—the Court granted Plaintiff's request for limited discovery as to their address and repeatedly extended the time to complete service, most recently to April 17.  Dkt. Nos. 62, 73.

Plaintiff now requests a further extension until June 1 and an order authorizing alternative service on the Yarboroughs by the U.S. Marshal at an address in Maryland.  Dkt. No. 95.  Plaintiff's request acknowledges that although the Maryland address is the most recent address he knows of for the Yarboroughs, they left that address without providing a forwarding address and are "believed to be in California."  Dkt. No. 95-1 at 3.  Plaintiff asks the Court to grant the same form of alternative service it previously authorized as to the Everest Defendants— namely, ordering the U.S. Marshal to mail the summons and complaint to the Maryland address and post a copy in a conspicuous place.  *See id.* at 5 ("Using the same method is reasonable, consistent with the Court's prior order, and appropriate

1

where the defendants have been difficult to locate, have left no forwarding address, and have not been successfully served by ordinary means."). The situation is not the same, however. The Court authorized alternative service on the Everest Defendants based on Plaintiff's evidence that they resided at the address he identified for them, such that alternative service at that address was "reasonably calculated to give actual notice." Dkt. No. 62 at 3. The same cannot be said of the Maryland address at which Plaintiff believes the Yarboroughs no longer reside. Accordingly, Plaintiff's request for alternative service is denied.

Plaintiff appears to be acting in good faith. It also appears that the Yarboroughs have made themselves difficult to locate (although there is no evidence that they have done so in response to this lawsuit or even that they know of it). Nevertheless, Plaintiff has already been attempting service on the Yarboroughs for more than five months, and even with the benefit of the early discovery the Court authorized, he has been unable to locate them. He identifies no reason to believe he will succeed if given more time. Moreover, his numerous errors in pursuing service have imposed significant burdens on the Court: the clerk's office has issued seven separate notices of deficiency; and the docket in this case—in which no defendant has appeared—now contains nearly 100 entries, including eight orders. *See also* Dkt. No. 73 at 2 (noting that Plaintiff's "repeated failures have imposed a substantial burden on the Court's resources" but allowing him "one final opportunity to serve the Everest Defendants"). Absent a reason to believe that Plaintiff will be able to locate and serve the Yarboroughs if allowed more time, granting him a further extension would both be futile and prevent him from proceeding to a default judgment against the defendants he has successfully served.

Accordingly, Plaintiff is ordered to show cause in writing no later than May 1, 2026, why his claims against the Yarboroughs should not be dismissed without prejudice for lack of service under Rule 4(m). To the extent Plaintiff requests more time to complete service, he must explain his basis for believing that he will be able to locate and serve the Yarboroughs within the time requested. Failure to respond by May 1 will be deemed consent to the dismissal of his claims against the Yarboroughs without prejudice.

Date: April 13, 2026

_____

Stanley Blumenfeld, Jr.
United States District Judge

2